■ INLAND CREDIT CORPORATION, Appellant, v. JOSEPH PURO, Appellant-Respondent, and LOUIS PURO, Respondent. LOUIS PURO, Respondent, v. INLAND CREDIT CORPORATION, Appellant, et al., Defendant.— Order entered on July 20, 1966, unanimously affirmed, without costs or disbursements, and without prejudice to a further application for a severance of the counterclaim for defamation asserted by defendant, Louis Puro, after the completion of pretrial proceedings. A counterclaim will be severed where the issues presented are unrelated to the main suit and substantial rights will be prejudiced and confusion arise if all the issues are tried together (CPLR 603; see *Knapp Engraving Co.* v. *Keystone Photo Engraving Corp.*, 1 A D 2d 170; *Ippisch* v. *Moricz-Smith*, 1 A D 2d 968). At the present stage in the action, in view of the allegations of the pleadings, there can be no proper appraisal as to possible prejudice or confusion in permitting the defamation counterclaim to remain in the action. After completion of pretrial proceedings, the relation of the counterclaim to the other issues in the action will be able to be viewed in proper perspective, and a determination can more validly be made upon the questions of possible prejudice and confusion. Concur — Botein, P. J., Tilzer, Rabin and Witmer, JJ.

## SECOND DEPARTMENT, JANUARY, 1967

## (January 4, 1967)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HORACIO CALLEJAS, Appellant.— Judgment of the Supreme Court, Queens County, rendered June 15, 1965, affirmed. The only claim was that the sentence imposed was cruel and unusual punishment. Two and one-half years to five years with credit for time served was imposed on this defendant after he pled guilty to assault in the second degree with intent to commit sodomy in satisfaction of an eight count indictment. That sentence was fair and proper. Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER COLON, Appellant.— Order of the Supreme Court, Kings County, dated October 27, 1965, affirmed. In our opinion, defendant was not prejudiced by the failure to produce the attorneys formerly assigned to defend him as witnesses at the hearing held in this *coram nobis* proceeding. The court assumed the truth of defendant's testimony, but found that his version of the circumstances surrounding his plea of guilty did not indicate that the plea was involuntary or coerced. We agree with that conclusion. Beldock, P. J., Ughetta, Christ, Rabin and Benjamin. JJ., concur.

■ In the Matter of MATTHEW J. CRONIN, Appellant, v. TOWN BOARD OF THE TOWN OF NORTH HEMPSTEAD, Respondent.— Motion by appellant for a preference in the hearing of the appeal and for other relief denied. On the court's own motion, appeal dismissed, without costs. The judgment appealed from is intermediate and no appeal lies as of right from such judgment (cf. *Matter of Soros* v. *Board of Appeals of Vil. of Southampton*, 24 A D 2d 705, 706). Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.